IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNATHAN ROY RIDGE, #87414 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv281 |
| MARVIN A. SMITH, et, al. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Johnathan Ridge, an inmate formerly confined at the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 28, 2022, the undersigned issued an order, (Dkt. # 4), directing Plaintiff to amend his complaint, as the original lacked a short and plain statement of the claim(s). A copy of this order was sent to Plaintiff at his last-known address, with an acknowledgment card. The docket reflects, however, that the order was returned to the Court as "undeliverable"—with a notation that Plaintiff is no longer at the Gregg County Jail, (Dkt. #5). Plaintiff has not submitted a notice of a change of address.

A Plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

1

At the bottom of Plaintiff's complaint, (Dkt, #1, pg. 5), to which Plaintiff signed under penalty of perjury, it states "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and the failure to do so may result in the dismissal of this lawsuit." Nonetheless, despite warnings in the complaint, Plaintiff has not supplied the Court with an updated mailing address.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff failed to file a notice of a change of address, which is required. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case.

Plaintiff's failure to prosecute this case is not an action threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to prosecute his own case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 17th day of August, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE